UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PIERRE BURDETTE,

    Plaintiff,

    v.

SHERIFF GLADIEUX, et al.,

    Defendants.

CAUSE NO.: 1:19-CV-533-WCL-SLC

## OPINION AND ORDER

Pierre Burdette, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, [u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

In the complaint, Burdette asserts claims based on numerous incidents, including the following:

- On October 7, 2019, Sheriff Gladieux detained Burdette without a prompt judicial determination of probable cause.

- On October 29, 2019, Officer Murphy and Officer Garland interfered with attorney visits.

- Unidentified jail staff have invaded his privacy during showers and subjected him to lockdowns.

- The kitchen manager gave him food that was inconsistent with his religious practices and also gave him spoiled food.

- On October 28, Heather McCullough gave him the wrong form for prisoner complaints.

- Officer Shaffer and J. Hissang failed to submit Burdette's grievance.

- Officer Malloris failed to investigate Burdette's innocence.

- Sandra Shady refused to assist Burdette with obtaining funds for telephone calls.

- C. Ray failed to provide Burdette with legislative documents.

- Officer Burgett and Officer Arnold denied Burdette's request for grievance forms

- Officer Taylor denied Burdette access to his mail.

These incidents, as described in the complaint, do not comprise a single transaction or occurrence nor do they comprise a series of interrelated transactions or occurrences. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (stating that the operative test is "whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013) (same). Though these incidents may have occurred at the same jail, they involve different members of jail staff committing several types of misconduct at

various times throughout the course of two months. Therefore, Burdette's claims are unrelated, and he cannot litigate them all in a single lawsuit.

When a pro se plaintiff files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Pierre Burdette until February 24, 2020, to file an amended complaint; and

(2) CAUTIONS Pierre Burdette that, if he does not respond by that deadline, this cause will be dismissed without further notice.

SO ORDERED on January 24, 2020.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT